UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CHUKWUMA E. AZUBUKO, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 3:05-CV-39 |
| ) | (Phillips/Guyton) |
| MBNA AMERICA, and ) | |
| EXPERIAN, ) | |
|     Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff has brought this action, *pro se,* against MBNA America and Experian. Plaintiff filed a virtually incoherent complaint against the defendants concerning two credit cards with MBNA. The complaint appears to allege that MBNA wrongfully cancelled plaintiff's credit cards pursuant to negative information received from Experian. Plaintiff admits that the credit report from Experian was correct and accurate, but is upset because it reflected negatively on his credit status resulting in the cancellation of his two credit cards with MBNA.

Presently pending before the court are the following motions: (1) Experian's motion to dismiss [Doc. 6]; (2) MBNA America's motion to dismiss [Doc. 13]; and (3) plaintiff's motion for summary judgment [Doc. 18]. The motions filed by defendants include various grounds for dismissing plaintiff's complaint including improper venue, and failure to state a claim upon which relief may be granted. The motions contain claims for relief

including, *inter alia,* dismissal of the entire complaint for improper venue, dismissal of the complaint for failure to state a claim, and transfer of the action to the United States District Court for the District of Massachusetts.

Construing the vague and conclusory allegations of plaintiff's complaint in a light most favorable to him, the court will find (for the purposes of this order only) that plaintiff has alleged a violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*, and jurisdiction based on diversity of citizenship. However, the complaint fails to allege any connection with the State of Tennessee, and in particular with the Eastern District of Tennessee.

A civil action in which jurisdiction is not founded solely on diversity of citizenship may . . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events of omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Section 1406 provides for either transfer or dismissal of an action where the original venue is improper. Specifically, § 1406 states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Id.*

2

The allegations of plaintiff's complaint do not support venue in the Eastern District of Tennessee. It states that plaintiff is a resident of Massachusetts, that MBNA America is a corporation in Delaware, and Experian is a corporation with its principal place of business in Allen, Texas. Neither the complaint nor plaintiff's subsequent pleadings proffer any connection to the State of Tennessee, much less any reason why this case should proceed in the Eastern District of Tennessee.

Moreover, according to a recent decision of the United States District Court for the District of Massachusetts, "Plaintiff has a lengthy history of frivolous litigation in [that] court and other courts."[1] *Azubuko v. The Educational Resources Institute,* Case No. 04-2690. Plaintiff appears to have filed his case in this District solely due to being instructed by courts in his own jurisdiction that he could no longer file civil actions without risking sanctions. The Massachusetts court found that plaintiff filed a recent case in Louisiana "as a means to pursue the litigation and circumvent the order" of the Massachusetts court directing the clerk not to accept documents from plaintiff for filing unless certain conditions were met.

There is no logical reason why this case should proceed in the Eastern District of Tennessee. None of the parties are from Tennessee and no act was committed in Tennessee. 28 U.S.C. § 1404(a) provides: "For the convenience of parties and

---

[1] Counsel for MBNA performed a recent search on the U.S. Party / Case Index PACER system with regard to other claims filed by plaintiff using the name Chukwuma E. Azubuko (or Chuckwu E. Azubuko) and obtained search results showing ninety-one (91) matters located in various federal courts throughout the country.

3

witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Based on the allegations of plaintiff's complaint, the court concludes that "a substantial part of the events or omissions giving rise to the claim occurred" in the District of Massachusetts. Thus, the court finds that this case should be transferred to the District of Massachusetts. Moreover, in light of the Massachusetts' court's order in plaintiff's previous cases, judicial economy requires that this case be transferred to that court for proper resolution. Accordingly, for the reasons stated above, defendants' request for a transfer will be granted.

**ENTER:**

      s/ Thomas W. Phillips
     United States District Judge